## McCunn's Case. Borland's Case.

*Public officers—Deputy register of wills—Deputy prothonotary—Compensation—Salary board—Counties of the sixth class—Act of June 29, 1923, P. L. 944.*

1. Where a salary board in a county of the sixth class has fixed the salaries of the deputy register of wills and the deputy prothonotary at $1800 per annum respectively, the Court of Common Pleas will, on appeal, after a consideration of all circumstances of the case, increase their salaries to $2250 per annum respectively.

2. In such case, it is no argument for the salary board to say that applications were received from citizens who offered to take the positions at the salaries fixed or less.

3. Information as to what is being paid in other counties is of no value in determining such salaries.

Appeal by James D. McCunn, Deputy Recorder of Deeds, Deputy Register of Wills and Deputy Clerk of the Orphans' Court, from the action of the salary board in fixing and determining his salary for the year 1926. Appeal by Elmer Borland, Deputy Prothonotary, Deputy Clerk of the Court of Common Pleas, Quarter Sessions, Oyer and Terminer and General Jail Delivery, from the action of the salary board in fixing and determining his salary for the year 1926. C. P. Indiana Co., March T., 1926, Nos. 188 and 189.

*E. E. Creps*, for appellant; *Peelor & Feit*, for respondent.

LANGHAM, P. J., Feb. 23, 1926.—The necessary qualifications of intelligence, accuracy, neatness, honesty and faithfulness requisite to properly fill the position of chief deputy in the respective offices referred to in the above entitled cases being so similar we will consider them together.

Under the provisions and by the authority of the Act of June 29, 1923, P. L. 944, the Salary Board of Indiana County, consisting of the Board of County Commissioners and County Treasurer, fixed the salary of James D. McCunn, Chief Deputy in the Register and Recorder's office, and also the salary of Elmer Borland, Chief Deputy in the office of Prothonotary, Clerk of the Court of Common Pleas, Quarter Sessions, etc., at $1800 per annum, respectively, for the calendar year 1926, and the said deputy clerks being dissatisfied with the salary thereof so fixed, filed an appeal to the Court of Common Pleas to the above numbers and term.

As a result of these appeals and in keeping with the act of assembly a hearing was held in open court on Feb. 22, 1926.

McCunn's Case.  Borland's Case.

Under the provisions of the Act of 1923, the salaries of the register and recorder and prothonotary and all clerks and expenses of said offices are paid out of the county treasury, and all fees, costs and fines collected by said offices are paid into the county treasury.

Without going into full details, we may here state that the prothonotary's office, by reason of the salary basis, received for the county for the year 1924 the sum of $7812.13, and $6352 was paid out in salaries and clerk hire, and for the year 1925, $7786.77 was received, and $6206.77 paid out in salaries and clerk hire, thus leaving a net profit to the county for the two years that the law has been in force of $2646.90.

The register and recorder's office for the year 1924 paid into the county treasury the sum of $10,291.32, and there was paid out in salaries and clerk hire $7596.25, and for the year 1925, $9925.24 was paid into the county treasury, and $7674.69 was paid out in salaries and clerk hire, thus leaving a net profit to the county of $4845.62 for the two years that the salary law has been in force.

The law fixes the salary of the prothonotary and also of the register and recorder in counties such as ours at $4000 per annum, but the salary board fixes the salaries of their deputies and clerks. It is conceded that the work of the deputies in these offices is as important and responsible as any performed by their chiefs. In fact, it is the same work. It requires faithful as well as efficient service. It is not a job of copying and filing papers merely. It requires a special knowledge and training, a clear and correct understanding of the different systems of indexing to keep proper court records.

It is conceded by the salary board, by the witnesses who testified, and by all who do business in either or both of these offices, that Mr. Borland and Mr. McCunn are competent, courteous, efficient and faithful servants of the people. Their hours of labor are long, and they are often required to work nights in order to keep the records up to date.

In consideration of the character of work to be done and which is being performed by these men, we are of the opinion that the salary fixed by the salary board is inadequate. They are worthy of their hire, and the salary should be commensurate with the responsibility. And in this connection we think it proper to mention the fact that the salary board fixed the salary of the commissioners' clerk for the year 1926 at $2250 per annum. We have no quarrel with the board for doing so, because the services rendered by the present incumbent are worth it. Mr. Henderson is competent, courteous and faithful, but what we do say is that his responsibilities as a clerk are not to be compared with the responsibilities of chief deputy in either the prothonotary's office or the office of register and recorder. His work is largely clerical, but is not overpaid, because he has plenty to do.

The information of what is being paid in other counties of the sixth class for similar positions is of no value to this court in arriving at a proper salary to be paid in Indiana County. We do not know how much work is to be done in other counties, and very little of the number of clerks employed to do it. We must rely upon the facts developed in the testimony with respect to the positions in question and upon our personal knowledge of the situation in our own county.

It is no argument for the salary board to say that applications were received from citizens who offered to take the positions at the salaries fixed or less. Conditions of that kind have always obtained and always will obtain. We would not need to advertise extensively for applicants to fill all of the offices in the county, the judgeship included, at one-half the salary paid to the

present officers, before we would have innumerable offers from "good and worthy citizens" who would conscientiously feel that they could fill the positions with credit to the county and honor and profit to themselves.

We think we know what efficient and faithful services in these positions are worth, and, without putting our "ear to the ground" to hear what public opinion has to say, we have no hesitancy in determining that the salaries fixed by the salary board for the character of work that must be done and is being done in the positions in question are inadequate, and the appeals will be sustained.

And now, Feb. 23, 1926, this case came on to be heard by testimony in open court, and, upon due consideration thereof, it is ordered and adjudged that the appeal be sustained, and it is further ordered and directed that the salary of James D. McCunn, Deputy Register and Recorder, for the year 1926, be fixed at $2250 per annum, and that such rate of salary shall be effective from Jan. 1, 1926. Any unpaid portion of such salary to be-paid him forthwith.

A similar order was made in the deputy prothonotary case.

From James L. Jack, Indiana, Pa.